

# The Bail Reform Act of 1984

## 18 U.S.C. §§ 3141-3150

CONSTITUTIONAL BOUNDARIES

STATUTORY INTERPRETATION

COURT APPLICATION

# Bail Reform Act of 1966



- Judges could not consider whether Defendant's release would pose a risk of harm when deciding whether to release or detain.

- Used monetary bonds—often very high—to secure a defendant's appearance at trial.

- Allowed reconsideration of a prior detention/release order without a showing of newly discovered material information.

- Following conviction and pending any appeal, Defendants usually remained on release.

# Historical Background

# Bail Reform Act of 1984



- Allows the court to consider risk of harm when deciding whether to release or detain;

- Does not rely on monetary bonds as a condition of release; and

- Limits release pending sentencing and appeal.

# Constitutional Boundaries



- Due Process Clause

- Eighth Amendment

# Due Process Clause



➢ Must be procedural due process.

➢ Judicial officer is not given unbridled discretion.

➢ Government must prove by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community.

➢ Congress did not formulate the pretrial detention provisions as punishment for dangerous individual.

# Eighth Amendment



**Excessive bail shall not be required . . . .**
U.S. Const. amend. VIII

When considering <u>risk of harm</u>,

Pretrial detention under in the Bail Reform Act of 1984 does not violate the Eighth Amendment, ***provided***:

- Defendant is charged with a serious felony;

- Defendant was afforded the right to a hearing in accordance with the Act; and

- At that hearing, the court finds:

  ✓ Defendant's pretrial release will pose a risk of harm to the safety of individuals or to the community; and

  ✓ No condition or combination of conditions of release can reasonably dispel that risk.

*U.S. v. Salerno*, 481 U.S. 739, 755 (1987).

# Eighth Amendment



Excessive bail shall not be required . . . .
U.S. Const. amend. VIII

When considering the <u>risk of nonappearance</u>:

- Any pretrial detention or conditions of release cannot exceed what is necessary to **reasonably** assure Defendant's appearance at court proceedings.

The fact of indictment alone **cannot** support an order of detention.

"Such conduct would inject into our own system of government the very principles of totalitarianism which Congress was seeking to guard against in passing the statute. . . ."

*Stack v. Boyle*, 342 U.S. 1, 6 (1951).

---



"In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."

*U.S. v. Salerno*, 481 U.S. 739 (1987).



% Detained

Length of Detention

Reality

# National

# Circuit





# Detention Hearing: 18 U.S.C. 3142(f)(1)

Permitted on the <u>government's</u> motion if Defendant is <u>charged</u> with a crime that <u>involves</u>:

- If the maximum term of imprisonment is 10+ years
  - ➢ a crime of violence
  - ➢ sex trafficking of children
  - ➢ a federal crime of terrorism
  - ➢ a drug offense

**Or**

A past history of two or more of these crimes

- A crime involving a minor victim
- Failure to register
- Possession or use of a firearm/destructive device/dangerous weapon
- An offense for which the maximum sentence is life imprisonment or death

*U.S. v. Orta*, 760 F.2d 887 (8th Cir. 1985) (citing 18 <u>U.S.C. § 3142(f)(1)</u>)

# Crime of Violence: Defined

A "crime of violence" under section 3142(f)(1)(A) is defined as:

(A)   an offense that has as an <u>element</u> of the offense the use, attempted use, or threatened use of physical force against the person or property of another;

(B)   any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or

(C)   any felony under chapter:
- 77 (trafficking persons);
- 109A (sexual abuse of a minor, ward, or individual in federal custody);
- 110 (sexual exploitation of children); or
- 117 (domestic assault by a habitual offender).

# Detention Hearing: 18 U.S.C. 3142(f)(2)

Permitted on the <u>government's</u> or <u>court's</u> motion:

If Defendant's release would pose a <u>serious</u> risk of:

- Flight

- Obstruction or attempted obstruction of justice

- Actual or attempted threats, injuries, or intimidation of a witness(es) or juror(s).

<u>*U.S. v. Orta*, 760 F.2d 887 (8th Cir. 1985)</u> (citing 18 <u>U.S.C. § 3142(f)(2)).</u>

# Detention Hearing:  Procedural Due Process

**Hearing must be held:**

Immediately at first appearance before a judge, or upon motion to continue:

- Within 3 days on the government's motion, or
- Within 5 days on the defendant's motion,

Except upon a finding of good cause.

**Defendant is entitled to:**

- Counsel representation,
- Testify,
- Call witnesses,
- Cross-examine witnesses, and
- Present information by proffer or otherwise.

# Burden of Proof

If a detention hearing is held, then court may order detention if the <u>government</u> proves:

✓ by a <u>preponderance of the evidence</u> that release poses a risk of nonappearance, and conditions of release will not sufficiently lessen that risk;

✓ by <u>clear and convincing evidence</u> that release poses a risk of harm, and conditions of release will not sufficiently lessen that risk;

✓ release poses a risk of obstruction of justice, and conditions of release will not sufficiently lessen that risk—the burden of proof being unclear.

**Pretrial Release
or
Detention?**

**4 Options**
18 U.S.C. § 3142 (a)(1-4)

**(a)(1) Release without Conditions**

**(a)(2) Release with Conditions**

**(a)(3) Temporary Detention**

**(a)(4) Detention**

"The wide range of restrictions available ensures, as Congress intended, that very few defendants will be subject to pretrial detention."
*U.S. v. Orta*, 760 F.2d 887 (8th Cir. 1985).

# Relevant Evidence:

# Pretrial Investigation
## 18 U.S.C. 3142(g)(3)

# History and characteristics of the person

✓ character,

✓ physical and mental condition,

✓ family ties,

✓ employment,

✓ financial resources,

✓ length of residence in the community,

✓ community ties,

✓ past conduct,

✓ history of drug or alcohol abuse,

✓ criminal history,

✓ failures to appear,

✓ whether, at the time of the current offense or arrest, the person was on supervision.

# Predictors

- ➢ **Prior felony convictions**
- ➢ **Prior missed court appearances**
- ➢ **Pending felonies or misdemeanors**
- ➢ **Instant offense including a charge for drug, firearms, or immigration offenses**
- ➢ **Instant offense including a felony charge**
- ➢ **Defendant's age**
- ➢ **Defendant's education level**
- ➢ **Defendant's employment status**
- ➢ **Defendant's residence**
- ➢ **Current drug abuse problems**

# Relevant Evidence

# Charge Evidence Danger
18 U.S.C. 3142(g)(1) & (2)

## In addition to the Pretrial Services Report, the **Court** considers:

- ✓ The nature and seriousness of the crime charged, (e.g., is it a presumption case?);

- ✓ The weight of the evidence;

- ✓ Any facts beyond those in the pretrial services report indicating a risk of flight or obstruction of justice; and

- ✓ The nature and seriousness of the danger to the community or any person if the defendant is released.

# REBUTTABLE PRESUMPTION OF DETENTION

**CHARGED OFFENSE §3142 (e)(3) (Probable Cause)**

- Federal crime of terrorism with penalty of 10+ years
- Peonage, slavery, and trafficking in persons with max penalty of 20+ years
- Acts of terrorism transcending national boundaries
- Conspiracy to murder, kidnap, maim persons in foreign country
- 924(c) firearms offense: Use or possession of a firearm
- An offense involving a minor victim (kidnapping, sex trafficking, sexual abuse, child pornography (other than mere possession)), prostitution, transportation or coercion to engage in sexual assault
- Drug cases with max penalty of 10+ years under Title 21

# Presumption of Detention: 18 U.S.C. 3142(e)(2)

If the defendant is charged with an (f)(1) offense; i.e.,

- The following crimes if the maximum term is 10+ years:
  - ➤ A crime of violence
  - ➤ Child sex trafficking
  - ➤ A federal crime of terrorism
  - ➤ A drug offense
- A crime involving a minor
- Possession or use of a firearm, destructive device, or dangerous weapon
- Failure to register
- An offense for which the maximum sentence is life imprisonment or death



Defendant's <u>criminal history</u> includes:

- ➤ an (f)(1) offense, or a comparable state offense, that was
- ➤ **<u>committed while Defendant was on federal, state ,or local pretrial release</u>**, and
- ➤ not more than 5 years after the conviction or release from prison on that conviction.

# Mandatory Conditions of Release

Prohibit:

Committing any
federal, state,
or local crime.

Require:

Reporting any address changes;

Collection of DNA, as provided by law; and

Appearing at any future hearings.

# Special conditions of release

## Require:

Relinquishing passport

Education

Employment

Drug and/or mental health treatment

## Restrict:

Travel and movement

Personal contacts

Possession of drugs, alcohol, and/or firearms

Access to funds or credit

Access to computers

## Monitor:

Report to Pretrial Officer

Drug testing

Electronic monitoring

Submit to search

# Written Decision

Conditions of Release:

Clear statement of:

➢ the release conditions;

➢ the consequences of violating the order;

and

➢ the penalties for obstructing justice.

Detention order:

➢ Findings of fact

➢ Statement of reasons

➢ Direction to the Marshal to:

▪ Place in custody;

▪ Afford access to counsel; and

▪ Return the defendant to court when needed.

# Temporary Detention

18 U.S.C. 3142 (d)

## If Defendant is:

➢ on release pending trial or sentencing in a different court, or

➢ on parole or probation supervision by a different court, or

➢ not a citizen or lawful permanent resident, and

➢ is a risk of harm or flight if released,

## Then:

➢ the defendant must be detained for a period of not more than 10 days;

➢ the other forum(s) is notified of the arrest and allowed to accept custody, and if it does not,

➢ federal detention/release is determined in accordance with 18 U.S.C. 3142.

# Reconsideration of Detention or Release Ruling

A detention or release order may be reopened, ***provided*** "information exists that was <u>not known to the movant at the time of the hearing</u> and that <u>has a material bearing</u> on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

18 U.S.C. 3142(f)(2).

*U.S. v. Holloway*, 781 F.2d 124 (8th Cir. 1986).

A motion to "reopen" a proceeding under § 3142(f) is heard by the same magistrate judge who entered the detention or release order to be reopened.

NECrimR 46.2(b)

# "Rule 5 In"
# Review of Detention Order

"If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. 3145(b)

"When a judge of another district has entered a detention order in a criminal case pending in this court, the magistrate judge in this district to whom the case has been referred or assigned reviews the detention order under 18 U.S.C. § 3145(b)." NECrimR 46.2(a) (emphasis added)

# "Rule 5 In"
# Review of Release Order

If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—

(1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and

(2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

# Appeal to the District Judge

Nebraska Criminal Rule 46.2(c)

When reviewing a magistrate judge's order of detention or release, a district judge:

- may hear and consider additional evidence if it was not available to be presented to the magistrate judge at the detention/release hearing or for good cause shown, or

- may remand the matter to the magistrate judge to reopen the hearing.

Unless additional evidence is received, the district judge reviews an order of release or detention de novo on the record made before the magistrate judge.

## Scope of Review on Appeal

A district judge can raise the issue of detention *sua sponte* if the Defendant challenges his or her conditions of release on appeal.

*United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (Defendant challenged the amount of a money bond, a detention hearing was never held before the magistrate judge, and the district judge detained the defendant).

# Appeal to the Eighth Circuit

## 18 U.S.C. 3145

**Eighth Circuit**
Fed. R. App. P. 9(a)

- If challenging the court's decision <u>based on the facts</u>, file the transcript of proceedings and the court's order; a brief is not required unless requested;

- Notice given to appellee, then reviewed promptly;

- Clearly erroneous standard applied to the  factual findings;

- Independently reviews the ultimate detention/release conclusion;

- Will remand if the written decision lacks sufficiently detailed factual findings; and

- Release will be ordered if Defendant's detention is not appropriate.



- Awaiting sentencing

- Awaiting appeal of conviction and sentence

- Revocation of Supervised Release or Probation

# Post-Conviction Detention or Release

**In all cases**, detention is required post-conviction and pending sentencing unless

Defendant proves by clear and convincing evidence that release is not likely to pose a risk of harm or flight.

If Defendant is pending sentencing for:

- The following crimes if the maximum term of imprisonment is 10+ years:
  - ➢ A crime of violence
  - ➢ Child sex trafficking
  - ➢ A federal crime of terrorism
  - ➢ A drug offense
- An offense for which the maximum sentence is life imprisonment or death

Then the court must also find:

- There is a substantial likelihood that a motion for acquittal or new trial will be granted; **or**
- The prosecutor recommends a sentence of no imprisonment.

# Release Pending Sentencing
# 18 U.S.C. 3143(a) & (b)

# Defendant must prove:

- By clear and convincing evidence, that release pending appeal will not pose a risk of harm or a risk of nonappearance;

- The appeal is not for the purpose of delay;

- The appeal raises a substantial question of law or fact–a "close" question <u>or</u> one that will likely be decided in Defendant's favor; and

- If decided in Defendant's favor,
  - ✓ all counts supporting the sentence of imprisonment will be reversed or remanded for a new trial, or
  - ✓ the outcome will result in a sentence of no imprisonment or a sentence less than or equal to the time Defendant has already served plus the likely time for appeal.

# Release Pending Appeal of Conviction or Sentence
# 18 U.S.C. 3143

Under Rule 32.1(a)(6):

A defendant awaiting a revocation hearing may be "release[d] or detain[ed] . . . under 18 U.S.C. § 3143(a)(1) pending further proceedings"; and

The defendant bears the burden of proving by clear and convincing evidence that he or she will not flee or pose a danger to any other person or to the community.

## Release or Detention Pending
## Revocation of Supervised Release or Probation
## 18 U.S.C. 3143 and Rule 32.1(a)(6)



Questions?



Thank You!